No. 6,857.—In re Contempt of H. J. FREEBOURN.

Decided April 11, 1932.

PER CURIAM.—Be it remembered that the court handed down its opinion in the cause of *Selma Autio, Respondent*, v. *Edward Miller, Appellant*, on the fifteenth day of February, 1932, and that thereafter, on the twenty-fourth day of said month, there was filed in this court a petition for rehearing, signed by H. J. Freebourn and Henry C. Levinski, attorneys for respondent and petitioner; that upon inspection the petition for rehearing was found to contain much language which is insolent, disrespectful, unfair and contemptuous toward this court; and that thereafter, on the fourth day of April, 1932, there was issued, by order of the court and under its seal, a citation directed to H. J. Freebourn and Henry C. Levinski, calling their attention to the many instances of insolent, disrespectful, unfair and contemptuous language addressed to this court, pointing out the said instances with particularity, and requiring H. J. Freebourn and Henry C. Levinski to appear before the bar of this court on the eleventh day of April, 1932, at 10 o'clock A. M., to show cause, if any they have, why they should not be adjudged in contempt of this court and punished accordingly.

Be it remembered further, that on the return day named in said citation H. J. Freebourn filed his verified answer to the citation, wherein he set forth that Henry C. Levinski had nothing to do with the writing or filing of the petition for

rehearing, and that the contemnor, H. J. Freebourn, himself wrote and filed the petition for rehearing. In answer the contemnor disavows any intention to commit a contempt or any intentional wrong in so doing; avers that he is willing and desirous of making all amends possible; avers that he "extends and makes to the Honorable Court and the Honorable members thereof an apology for writing and filing such part and portion of the said petition for rehearing as may be by the court considered contemptuous and disrespectful." Contemnor also asks that the petition for rehearing be permitted to be withdrawn and that another substituted in lieu thereof. He also sets forth in the answer matter in mitigation of his offense.

Be it remembered further, that at the opening of court on the eleventh day of April, 1932, L. V. Ketter, Esq., as first assistant attorney general, appeared representing the court, and the contemnor appeared in person with his counsel, Hugh R. Adair, Esq. Through his attorney contemnor reiterated the allegations of his answer and submitted himself to interrogation by members of the court, and admitted that each and every one of the specifications set forth in the citation constitutes a contempt of court, but he expressed contrition because of the same and apologized for his ill-advised and hasty action, admitted his fault and threw himself upon the mercy of the court. Being asked if he had any cause to show why judgment should not be pronounced against him he said that he had none.

The court having found from the testimony that contemnor has a wife and five children; that his cash income for several months has been almost nothing, due to the "depression"; that it has been necessary for him, by reason of lack of funds, to withdraw his second son, who was attending the University, therefrom; that he has no money or funds and was compelled to borrow the money to attend at this hearing; that contemnor stated that while he deserves punishment, if a fine be imposed he would be unable to pay it, but if the court desired to commit him to jail he would serve out his time there, whereupon the court, speaking through the Chief Justice, recited

the facts, reprimanded him for his transgressions and admonished him to amend his ways, informing him that in consideration of his financial condition and his promise to refrain from ever again committing any act of contempt, he should be purged of the contempt upon his paying the costs of prosecution herein, taxed at $8.80, within thirty days from the date hereof; and judgment is entered accordingly.

*Mr. L. V. Ketter,* Assistant Attorney General, appearing in behalf of the Court.

*Mr. Hugh R. Adair,* for Contemnor.